JOHN P. MAGNER and Another, Appellants, v. JOSEPH KANDELL, Respondent. (Appeal No. 1.) — Order denying motion for an injunction *pendente lite* affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ., concur.

JOHN P. MAGNER and Another, Appellants, v. JOSEPH KANDELL, Respondent. (Appeal No. 2.)— Order granting motion to dismiss the complaint for insufficiency affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ., concur.

FRANCES MANCUSO, as Administratrix, etc., of ANGELO MANCUSO, Deceased, Appellant, v. JOSEPH UNGERLAND, Respondent.— Judgment dismissing plaintiff's complaint reversed on the law and a new trial granted, costs to abide the event. The evidence discloses that defendant's car, just before the accident, was being driven fast; that the headlights on defendant's car were bright and strong enough to dazzle Frey. The night was foggy and the pavement wet and slippery. It cannot be said, as a matter of law, that there was no negligence on the part of the defendant in driving his car under the circumstances shown or that such negligence, if found, did not contribute to the accident. A question for the jury was presented. Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ., concur.

FERNANDO MARQUES, Respondent, v. MOSSOP TRUCKING CO., INC., Appellant. — Judgment unanimously affirmed, with costs. The verdict on the questions of negligence and contributory negligence was sufficiently sustained by the evidence. Very likely it was error for the trial court on its own motion to strike out the evidence of plaintiff's physician that in his opinion plaintiff was now able to work. This evidence was given on the interrogation of plaintiff's counsel and there was no objection. But this evidence bore only on the question of damages, and the moderate amount of the verdict is sustainable as based on the nature and extent of the injuries, pain and suffering, the hospital expenses and loss of earnings, whether plaintiff was able to work seven months after the injury or not. Therefore, the error was not prejudicial or substantial. Present — Lazansky, P. J., Young, Kapper, Tompkins and Davis, JJ.

NEWBURGH DRESS CO., INC., Respondent, v. IRVING KEMP CORPORATION, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ.

MAY PRAIA, Appellant, v. ALLIED OWNERS CORPORATION and Others, Respondents.— Judgment reversed on the law and the facts and a new trial granted, costs to appellant to abide the event. Plaintiff made out a cause of action. The authorities cited by the learned trial court are inapplicable. They deal with persons who, in reckless disregard of their safety, venture in places of darkness with which they are not acquainted. Here, the balcony or mezzanine floor was lighted dimly, but sufficiently for plaintiff to observe that a single seat in the front row, at least ten to eleven feet away, was vacant. There were dim lights in the ceiling, and a light in the chairs on each side of the aisle she descended. She had been told by one of the ushers to go to the fifth aisle. She reached the bottom of the fifth aisle, and had no reason then to believe, so a jury might find, that there was a lower level to her left. She proceeded to the left. She had to pass the occupants of the first five seats in order to take the sixth seat, which she had discovered was unoccupied when she was at the top of the balcony. There was but little space between the occupants and the rail of the balcony. As she was